pDECUIR, Judge.
Defendant, Lafayette General Medical Center, appeals a judgment of the trial court finding it liable for breach of an employment contract with plaintiff, Scott Conley. For the reasons that follow, we affirm.
FACTS
In February 1995, Lafayette General entered into a contract with Scott Conley to provide brachytherapy treatment for its cancer patients. Conley needed a one year commitment from Lafayette General in order to cover the costs of setting up the treatment program. Accordingly, Lafayette General had a contract drawn up which provided for a $30,000.00 annual consulting fee, payable in equal monthly installments of $2,500.00. In addition, the contract contained the following language:
This agreement made and entered into effective February 1, 1995 by and between Conley Consulting Group, Inc. and Lafayette General Medical Center. *529 Conley Consulting Group, Inc. will provide to Lafayette General Medical Center (LGMC) Medical Physics services for H.D.R. Brachytherapy in the Radiation Oncology Department. This agreement will remain in effect for a period of one year and shall automatically renew for one year periods unless 60 days written notice is given by either party terminating this agreement. (Emphasis added)
On December 16, 1996, Lafayette General sent Conley written notice of its intent to terminate the contract effective February 16, 1997. Conley was paid through February 16, 1997. On February 25, 1997, Conley sent written notice that he did not consider the contracted terminated. Lafayette General disagreed and this suit followed.
The trial court entered judgment in favor of Conley and against Lafayette General in the amount of $28,750.00, representing the monthly fees Conley would have been paid under the contract. Lafayette General lodged this appeal.
^CONTRACT INTERPRETATION
The interpretation of a contract is the determination of the common intent of the parties. La.Civ.Code art. 2045. Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole. La.Civ.Code art. 2050. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. La.Civ.Code art. 2046. However, a doubtful provision must be interpreted in light of the nature of the contract, equity, usages, the conduct of the parties before and after the formation of the contract, and of other contracts of a like nature between the same parties. La.Civ.Code art. 2053.
Lafayette General contends that the trial court erred in concluding that its letter of termination did not comply with the terms of the contract and, therefore, the contract was renewed for another full year. Lafayette General argues that the clear words of the contract allow either party to terminate the contract upon sixty days notice any time after the first year of the contract. We disagree.
This is a strained reading of the contract. The clear terms provide that the contract would automatically renew for one-year periods unless sixty days written notice was given. Everything in the contract is based on an annual renewal. The parties do not dispute that Conley required the original term to be one year. Conley’s compensation is $30,000.00 per year and Conley is required to supply proof of current malpractice insurance to the Hospital annually. To interpret the contract as suggested by Lafayette General renders the one-year renewal term meaningless.
Accordingly, like the trial court, we find the contract clearly and unambiguously requires sixty days written notice of termination prior to the automatic renewal date. This assignment of error has no merit.
14Plaintiff s request for attorney fees and additional damages for frivolous appeal is denied.
CONCLUSION
For the foregoing reasons the judgment of the trial court is affirmed. All costs of these proceedings are taxed to appellant, Lafayette General Medical Center.
AFFIRMED.